**FILED**
**Mar 05, 2018**
**03:11 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **LANDON JOHNSON,** | ) | **Docket No. 2017-08-0367** |
| **Employee,** | ) | |
| **v.** | ) | |
| **LOOMIS ARMORED,** | ) | **State File No. 94100-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACE AMERICAN INSURANCE CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the Court on February 22, 2018, for an Expedited Hearing on Mr. Johnson's request for medical and temporary disability benefits for his alleged back and neck injuries. The central legal issue is whether he is likely to establish at a hearing on the merits that he suffered an injury to his back and neck arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds he is not and denies the requested benefits at this time.

### History of Claim[1]

Mr. Johnson worked for Loomis Armored as an armed guard. He delivered money to and from banks, which required him to load and unload carts of coins and bills. On December 5, 2016, Mr. Johnson pushed a heavy cart of coins and experienced a sharp pain in his low back extending down his legs. He stated the pain was bearable at first, so he finished his shift; however, his pain increased significantly the next morning, and he reported his injury to his supervisor. Mr. Johnson completed an Employee Incident Statement, and Loomis authorized an appointment at Baptist Minor Medical.

---

[1] The hearing testimony and exhibits established the facts set forth in the History of Claim section.

*Medical Treatment*

Mr. Johnson saw Nurse Practitioner Kathy Banks at Baptist Minor Medical and complained of acute back pain radiating to his left thigh following his work injury. She diagnosed acute back pain with sciatica, assigned restrictions, and referred Mr. Johnson to an orthopedic specialist.

Loomis provided a panel of neurosurgeons, and he selected Dr. Federoon Parsioon. Mr. Johnson saw Dr. Parsioon twice, provided a history of his December 5 work injury, and complained of ongoing back and lower extremity pain. Mr. Johnson also reported a history of prior back injuries from 2009 and 2015. Dr. Parsioon noted Mr. Johnson still had back pain resulting from his 2009 injury. He further noted Mr. Johnson developed right lower extremity pain and leg cramps in 2015, and he treated with Dr. Samuel Schroerlucke, who performed surgery at the L4/5 level in May 2015.

Dr. Parsioon reviewed extensive records from Mr. Johnson's prior back treatment and summarized the history in his record. He noted Mr. Johnson improved following his 2015 surgery until he returned to Dr. Schroerlucke on November 11, 2016, and complained of neck pain, low back pain, and bilateral lower extremity pain. Mr. Johnson commented to Dr. Schroerlucke that he did not think he could continue doing his job. Dr. Schroerlucke ordered an MRI, which Mr. Johnson's personal health insurance denied.

Dr. Parsioon noted Mr. Johnson's complaints to him following his December 5, 2016 work injury were the same as those reported to Dr. Schroerlucke one month before the injury. He ordered an MRI of Mr. Johnson's lumbar spine and restricted him from work.[2]

Following the MRI, Mr. Johnson returned to Dr. Parsioon. Dr. Parsioon noted it showed a small diffuse disc bulge at L3/4 without herniation, post-operative changes on L4/5, and facet arthropathy with minimal disc bulge at L5/S1 with left foraminal stenosis. He compared this study to Mr. Johnson's 2015 MRI and concluded,

> The lifting at work has not caused any anatomical changes in his spine and the findings of this new MRI are exactly the same findings at L5/S1 that were present in 2015. I discussed this with him and I told him that because he had the same problems in his back and left lower extremity with positive straight leg raising test on November 11, 2016, which is before his date of injury, I do not believe that this problem is related to his work injury.

Dr. Parsioon indicated that Mr. Johnson did not need any further neurosurgical

---

[2] The parties agreed Loomis paid Mr. Johnson temporary total disability benefits through December 29, 2016, totaling $2,119.71.

intervention at that time, released him at maximum medical improvement, and assigned a zero-percent permanent impairment rating. Based on Dr. Parsioon's opinion, Loomis denied further medical and temporary disability benefits.

Mr. Johnson sought unauthorized treatment with Dr. Ben Andrews at Christ Community Health Services in 2017 for his back and neck complaints. He gave Dr. Andrews a history that his back complaints began in August 2016, and his neck complaints began in November 2016. He did not associate either condition with his December 5, 2016 work injury. Mr. Johnson later sought treatment with Dr. Andrews in October 2017 following a motor vehicle accident. He described the accident to Dr. Andrews and complained of increased neck pain. Dr. Andrews treated him for cervicalgia and cervical radiculopathy secondary to degenerative joint disease.

*Hearing Testimony*

Mr. Johnson testified that he continues to treat for his back at MedPlex Ortho and with a physician from Dallas who travels to Memphis. He requested medical treatment through workers' compensation and stated he needs surgery.

On cross-examination, Mr. Johnson acknowledged he returned to Dr. Schroerlucke in November 2016 for symptoms in his back and numbness in his legs and feet that began in September 2016. Mr. Johnson agreed he has a longstanding history of low back problems dating back to at least 2003. He testified he injured his back at Loomis in 2003 and 2009. He later injured his back again at home in 2015 while reaching out of a bathtub for a towel.

Concerning his neck, Mr. Johnson acknowledged he did not report any neck complaints to NP Banks on December 6, 2016, following his work injury. He stated the neck symptoms did not begin until one week after the injury. He further acknowledged "flare-ups" in his neck and arms before his work injury.

Deidra Joseph, Mr. Johnson's fiancée, testified that she accompanied Mr. Johnson to his appointments with Dr. Parsioon. She stated they waited close to two hours in the waiting room for the appointments, and Dr. Parsioon's examinations of Mr. Joseph lasted approximately five minutes. She and Mr. Johnson expressed dissatisfaction with Dr. Parsioon's treatment and demeanor.

Thomas Christian, Loomis' workers' compensation insurance adjuster, testified by affidavit. He took Mr. Johnson's recorded statement the day after he reported his work injury. Mr. Christian asserted Mr. Johnson reported pain in his legs, hip, buttocks, and numbness in both calves following the injury. He never reported any pain or problems in his neck to Mr. Christian.

3

## Findings of Fact and Conclusions of Law

Because this is an Expedited Hearing, Mr. Johnson need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. Instead, he must present sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017).

To prove a compensable injury, Mr. Johnson must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *See* Tenn. Code Ann. § 50-6-102(14)(B). The term "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. §50-6-102(14)(D). Thus, causation must be established by expert medical testimony.

The Court first notes that Loomis did not dispute that Mr. Johnson sustained an injury on December 5, 2016, or that he timely reported the injury. The Court finds Mr. Johnson's testimony credible regarding the work incident and the back pain that followed and holds he came forward with sufficient evidence to establish an incident identifiable by time and place of occurrence. The question is whether he appears likely to prove at a hearing on the merits that the incident is the primary cause of his back and neck conditions and need for medical treatment. Applying the previous principles to the facts of this case, the Court cannot find that Mr. Johnson is likely to meet this burden at this time.

Concerning his back condition, the sole proof addressing medical causation came from Dr. Parsioon, the panel-selected treating physician. Dr. Parsioon concluded Mr. Johnson's work injury did not cause any anatomic change in his spine after comparing Mr. Johnson's post-injury MRI to his 2015 MRI and reviewing Dr. Schroerlucke's November 2016 record. He stated, "I do not believe that this problem is related to his work injury."

The Court recognizes that Mr. Johnson disputed Dr. Parsioon's conclusion; however, Mr. Johnson's disagreement with the physician's opinion, while genuine, is legally insufficient to refute Dr. Parsioon's opinion. Concerning the employee's burden to produce medical proof, the Workers' Compensation Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

4

*Berdnik v. Fairfield Glade Cmty. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) (internal citations omitted).

Here, the only expert medical opinion addressing causation for the back condition is contrary to Mr. Johnson's position. Absent countervailing medical proof, the Court holds Mr. Johnson is not likely to prevail at trial in establishing his work injury is the primary cause of his back condition and need for medical treatment.

Turning to his neck condition, the Court finds Mr. Johnson did not present any evidence to support his claim of a neck injury arising out of his December 5 incident. Mr. Johnson did not report any neck complaints in the accident report or in his recorded statement to Mr. Christian following the accident. He did not complain of any neck symptoms to NP Banks or Dr. Parsioon. The only medical records introduced into evidence that mention Mr. Johnson's neck are from Dr. Schroerlucke and Dr. Andrews. Those records indicated Mr. Johnson saw Dr. Schroerlucke one month *before* his work injury with neck symptoms. He also reported to Dr. Andrews in 2017 that his neck problems began in November 2016, *before* the December 5 work injury and he made no mention of his work injury. At later visits, he complained of neck pain following a motor vehicle accident. Without any supporting proof, the Court holds Mr. Johnson is not likely to prevail at trial in establishing his work injury is the primary cause of his neck condition.

In summary, the Court holds Mr. Johnson did not come forward with sufficient proof, at this interlocutory stage, to show a likelihood of success at trial. Thus, his request for medical and temporary disability benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Johnson's claim against Loomis Armored and its workers' compensation carrier for the requested medical benefits and temporary total disability benefits is denied at this time.

2. This matter is set for a telephonic Status Hearing on **April 23, 2018, at 10:30 a.m. Central Time**. The parties must call toll-free 855-543-5039 to participate in the hearing.

**ENTERED March 5, 2018.**

Judge Amber E. Luttrell
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Notice of Controversy
2. Wage Statement
3. Landon Johnson Affidavit
4. Makeva Jeffries Affidavit
5. Thomas Christian Affidavit
6. Medical Records Compilation (collective exhibit)
7. Baptist Minor Medical Work Status-July 14, 2009
8. Regional One Health record-August 20, 2017
9. Dr. Woodall record-February 27, 2015
10. Family Physician's Group record-August 13, 2010
11. MRI-November 16, 2017
12. Dr. Parsioon's work status note
13. Photos (collective exhibit)
14. Employee Incident Report
15. Panel

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion for Leave to Depose Employee
5. Order Granting Motion for Leave to Depose Employee and Setting Expedited Hearing
6. Employee's pre-hearing statement
7. Motion to Dismiss Employee's Request for Expedited Hearing
8. Employer's pre-hearing brief
9. Order Denying Motion to Dismiss Expedited Hearing Request

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on March 5, 2018.

| Name | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|
| Landon Johnson, Self-represented Employee | X | X | landon.johnson@ymail.com 4041 Barron Ave. Memphis, TN 38111 |
| Dale Thomas, Esq., Employer's Attorney | | X | dthomas@raineykizer.com |

Penny Shrum, Court Clerk
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *five business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within five business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**RFA #:** _____

**Date of Injury:** _____

**SSN:** _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice
Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____ _____

Appellee's Phone: _____ Email: _____ _____

Attorney's Name: _____ BPR#: _____ _

Attorney's Address: _____ Phone: _____ _

Attorney's City, State & Zip code: _____

Attorney's Email: _____ _

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month    Telephone       $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water              $ _____ per month    Clothing        $ _____ per month

Gas                $ _____ per month    Child Care      $ _____ per month

Transportation  $ _____ per month       Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082

*EHO*

**State of Tennessee**
Bureau of Workers' Compensation
220 French Landing Drive, Suite 1-B
Nashville, Tennessee 37243-1002

**Landon Johnson**
**4041 Barron Ave.**
**Memphis, TN 3 8111**